Archibald C. Wemple, J.
At the time the defendant’s attorney made this motion for a physical examination, the plaintiff’s attorney asked that a copy of the doctor’s report be made available to him. The defendant’s counsel argued against the disclosure of the medical report to the plaintiff’s attorney, claiming that the policy of the Justices of the Fourth Judicial District did not require that such report be given to the plaintiff or his attorney.
*739 Section 306 of the Civil Practice Act clearly provides for a physical examination of a plaintiff upon presentation by the defendant of evidence that said defendant is ignorant of the nature and extent of the injuries complained of. The section goes on to permit the court, by order, to direct the examination before a physician designated by the court, and to require the examination under such restrictions and directions as to the court or judge shall seem proper. The section continues by providing for talcing of testimony by examination of the defendant before trial, in addition to the physical examination.
In essence, section 306 of the Civil Practice Act provides for a medical examination before trial of the plaintiff’s person through designated examiners and of the plaintiff’s testimony, if such is requested by the opposing party.
It seems only fair to conclude that if the plaintiff is required to be examined under this section, the plaintiff’s attorney is entitled to a copy of the medical report and any testimony taken under the permissive provisions of this section.
In aeordance with section 306 of the Civil Practice Act the plaintiff is directed to be examined by Dr. Herbert J. Wright, Jr., 1144 Wendell Avenue, Schenectady, New York, or, if he is not available, by Dr. Robert P. Coolidge, 1552 Union Street, Schenectady, New York, at such time and place as is convenient to the designated physicians, and a copy of the medical report so obtained is to be made available to the plaintiff’s attorney.
Following the ruling of the Appellate Division in the Third Department, in the case of Rooney v. Colson (3 A D 2d 410, 412) this court directs that following the delivery by the defendant of a copy of report, as required herein, by his physician or physicians, then the defendant shall be entitled, upon request, to receive from the plaintiff a copy of the examination of the plaintiff by the plaintiff’s physician or physicians. This ruling follows the modern trend toward full disclosure on both sides, as required in the case cited and also in the case of Del Ra v. Vaughan (2 A D 2d 156).
Submit order.